UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HOWARD E. MARTIN, III,

    **Plaintiff,**

    v.

STATE OF OHIO,

    **Defendant.**

Civil Action 2:22-cv-1654
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Howard E. Martin, III, an inmate at Chillicothe Correctional Institution who is proceeding without counsel, brings this civil rights action against the State of Ohio. Plaintiff did not prepay the $402 filing fee, but instead seeks leave to proceed *in forma pauperis*. (ECF No. 3.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED** and that Plaintiff be ordered to pay the full $402 fee ($350 filing fee, plus $52 administrative fee) required to commence this action within thirty days, and that Plaintiff be further advised that failure to timely pay the full $402 fee will result in the dismissal of his action with prejudice. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Congress has restricted a prisoner's right to proceed *in forma pauperis.* In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 State 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, Plaintiff has at least[1] three such dismissals, namely, the following actions or appeals: **(1)** *Martin v. State of Ohio*, Civil Action No. 1:14-cv-899 (S.D. Ohio Mar. 11, 2015) (dismissing complaint in its entirety, with prejudice, under §§ 1915(e) and 1915A); **(2)** *Martin v. State of Ohio*, Civil Action No. 2:18-cv-1147 (S.D. Ohio June 5, 2019) (dismissing federal claims under § 1915(e) and declining to exercise supplemental jurisdiction over remaining state-law claims); **(3)** *Martin v. State of Ohio*, Appeal No. 19-3844 (6th Cir. Sep. 1, 2020) (finding that "[a]n appeal in this case would be frivolous," denying a motion to proceed *in forma pauperis*, and ordering Martin to pay the filing fee; dismissing appeal on November 6, 2020 when Martin failed to pay the fee).[2]

In view of Plaintiff's multiple "strikes," he is deemed a "three striker" under § 1915(g) such that he may not proceed *in forma pauperis* unless he falls within the exception for prisoners who are "under imminent danger of serious physical injury."  "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation

---

[1] These are not the only cases filed by Plaintiff that this Court has dismissed for failure to state a claim under § 1915.  Three other actions have been so dismissed, but it does not appear that Martin was "incarcerated or detained in any facility" when he filed them:  *Martin v. Scripps Howard*, Civil Action No. 1:10-cv-680 (S.D. Ohio Oct. 7, 2010) (dismissing complaint under § 1915(e)); *Martin v. State of Ohio*, No. Civil Action No. 1:12-cv-650 (S.D. Ohio April 13, 2013) (dismissing complaint under § 1915(e)); *Martin v. E.W. Scripps Co.*, Civil Action No. 1:12-cv-844 (S.D. Ohio Oct. 30, 2013) (dismissing complaint with prejudice under § 1915(e)).  *See also Martin v. Ohio*, Appeal No. 13-3733 (Mar. 19, 2014) (finding that "the instant appeal is legally frivolous," denying an *in forma pauperis* motion, and ordering Martin to pay the filing fee; dismissing appeal on October 21, 2014 when Martin failed to pay the fee).

[2] Although this appeal was dismissed for failure to prosecute, it counts as a strike because the Sixth Circuit previously found the appeal to be frivolous.  *See Heid v. Aderhold*, No. 2:20-cv-901, 2020 WL 4673217, at *3 (S.D. Ohio Aug. 12, 2020) (citing *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 433 (D.C. Cir. 2007)) ("Where . . . an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed in forma pauperis in that case on the basis that the appeal was frivolous.").

marks and citation omitted).  To satisfy this pleading standard, "[a] plaintiff must . . . allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint."  *Id*. (citing *Taylor v. First Med. Mgmt*., 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted).  Imminent danger means that "the threat or prison condition must be real and proximate and the danger of serious physical injury . . . ."  *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

Here, the undersigned is unable to discern any facts from Plaintiff's Complaint that establish that he meets the statutory exception set forth in § 1915(g).  Rather, his claims, while lacking clarity, appear to allege "Bid Rigging," or "[s]abotage" of an inmate's "Durance Sentencing Time."  (ECF No. 1, PageID 2, 5.)  Plaintiff asserts this occurred when a corrections officer "maliciously wrote [a] Bogus Conduct Report" against him on August 26, 2021.  (ECF No. 1, PageID 2.)  These allegations do not establish that Plaintiff is in imminent danger.

In addition, Plaintiff has failed to disclose his three prior dismissals in his motion for leave to proceed *in forma pauperis*.  (ECF No. 3, PageID 20.)  He lists only one of his prior dismissals in the motion, which he signs under penalty of perjury.  (*Id*.)  Under similar circumstances, the United States Court of Appeals for the Seventh Circuit dismissed a three-striker's action with prejudice.  *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("He committed a fraud on the federal judiciary by seeking and obtaining permission to appeal *in forma pauperis* without revealing that he has already been held to be covered by § 1915(g). . . . Litigants to whom § 1915(g) applies take heed!  An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

Because Plaintiff has failed to satisfy the "imminent danger" exception set forth in § 1915(g) and has failed to properly disclose his previous dismissals, the undersigned makes the following **RECOMMENDATIONS**:

1. The Court **DENY** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 3.)

2. Plaintiff be **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**, and that the Court **ADVISE** Plaintiff that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action.

3. Plaintiff be **ORDERED** to file a Notice in all pending federal cases in which he was granted leave to proceed *in forma pauperis* status that identifies all of his previously-dismissed cases.

4. Plaintiff be **ADVISED** that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases in accordance with *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999); *see also Clervrain v. Lawson*, No. 1:20-cr-1306, ECF No. 5 (S.D. Ind. May 6, 2020) (denying Clervrain's *in forma pauperis* motion and dismissing the action with prejudice because Clervrain failed to disclose that he was a three-striker).

5. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

Plaintiff is further advised that should he pay the filing fee, his claims will be screened in accordance with 28 U.S.C. § 1915 and could also be subject to dismissal for failure to state a claim.

Finally, Plaintiff's Motion for an extension of time to file his certified trust account statement (Doc. 5) in support of his motion to proceed in forma pauperis is **DENIED** as moot. Even if Plaintiff provided this required statement, his motion would still be subject to denial because he is a "three-striker" and failed to disclose his prior dismissals.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE