**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **HOWARD E. MARTIN, III,** | : | |
| Plaintiff, | : | Case No. 2:22-cv-01654 |
| v. | : | Chief Judge Algenon L. Marbley |
| **STATE OF OHIO,** | : | Magistrate Judge Chelsey M. Vascura |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the court on Magistrate Judge Chelsey M. Vascura's Report and Recommendation (ECF No. 8), which recommended that this Court deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3). For the reasons set forth more fully below, this Court **OVERRULES** Plaintiff's Amended Objections (ECF No. 12) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8). Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**.

**I.     BACKGROUND**

Plaintiff Howard E. Martin, III, is an inmate at Chillicothe Correctional Institution ("CCI"). (*See* R. & R. at 1, ECF No. 8). Proceeding without the assistance of counsel, Martin brings this civil rights action against the State of Ohio, alleging that his treatment at CCI constitutes a violation of his Eighth Amendment rights. (*See* Compl. at 1, ECF No. 1). Specifically, the Complaint describes an incident between Plaintiff and Officer Matthew Kelley on August 26, 2021, involving a search of Martin's cell, which resulted in the filing of an allegedly-false misconduct report. (*See id.* at 3, 5–6). The bulk of the Complaint is dedicated to arguing that Officer Kelley's report constituted "Bid Rigging," in violation of the prohibition against cruel and unusual punishments.

(*See* R. & R. at 3, ECF No. 8). As it relates to the instant motion, the Complaint also alleges that Officer Kelley handcuffed Martin with excessive force, such that that Martin fell to the ground. (*Id*. at 3). This incident, which "resulted in additional Officers having to come out and pick Inmate Martin up from the Ground," is, according to Plaintiff, indicative that a "threat of violence" against him exists. (Pl.'s Am. Objs. at 1, 2, ECF No. 12 (emphasis omitted)).[1] He further claims that an adverse decision from this Court would lead to "escalation" of this threat. (*Id.* at 2).

The Magistrate Judge recommended that Martin's motion to proceed *in forma pauperis* be denied. (*See* R. & R. at 1, ECF No. 8). The Report and Recommendation noted that Martin had previously filed at least three lawsuits that have all been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and thus that he is a "three striker." (*Id*. at 2). A prisoner who has previously, "on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" may not file another civil action "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Magistrate Judge found that Martin's situation did not rise to the level of "imminent danger of serious physical injury," and therefore recommended denial of Plaintiff's motion. (R. & R. at 2 (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)), ECF No. 8). Martin timely objected to the Report and Recommendation. (Pl.'s Am. Objs., ECF No. 12).

## II. STANDARD OF REVIEW

If a party objects within 14 days to the Magistrate Judge's proposed findings and

---

[1] The allegations about this incident in Martin's Complaint are sparse, but Plaintiff has added some detail in his Amended Objection. In consideration of Martin's *pro se* status, the Court will consider the additional factual allegations in the Amended Objections when considering his *in forma pauperis* motion. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting that allegations in a *pro se* complaint are subject to "'less stringent standards than formal pleadings drafted by lawyers,' and therefore should be liberally construed" (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004))).

2

recommendations, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b).  On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  Waiver does not, however, "preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

A party's objection should be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The onus is on the objecting party "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quotation marks and citation omitted).  When a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report, [which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.   LAW & ANALYSIS

As noted previously, a prisoner who has had three previous lawsuits dismissed as frivolous, malicious, or for failure to state a claim, may not bring a further civil action unless the "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  This is known

colloquially as the "three-strike rule."  In the instant case, Martin does not dispute that he has three strikes against him.  (*See* Pl.'s Am. Objs. at 1–3, ECF No. 12).  Thus, the only question before this Court is whether the circumstances described by Martin — that is, the plight of a prisoner who was handcuffed in a forcible manner on a single occasion — place him in "imminent danger of serious physical injury."

The "imminent danger" exception is essentially a pleading requirement subject to the ordinary principles of notice pleading.  *Vandiver*, 727 F.3d at 585 (citing *Vandiver v. Vasbinder*, 416 F. App'x 560, 561 (6th Cir. 2011)).  To satisfy this pleading standard, "[a] plaintiff 'must . . . allege[] facts from which a court, informed by judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed a complaint." *Id.* (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (alteration in original)).  To raise a plausible claim of imminent danger, "the threat of prison condition must be real and proximate; and the danger must result in serious physical injury."  *Id.*  A physical injury is considered "serious" under § 1915(g) "if it has potentially dangerous consequences such as death or severe bodily harm.  Minor harms or fleeting discomfort don't count."  *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).  But the imminent danger exception is not so demanding as to require a prisoner to show that he or she is suffering from a life-threatening ailment.  *See Ryan v. G. Robert Cotton Corr. Facility*, 2020 WL 9258300, at *3 (6th Cir. Dec. 8, 2020) (citations omitted).  Finally, the question for this Court, at this stage, does not concern the merits of Plaintiff's claim, but simply whether Plaintiff has adequately "assert[ed] allegations of imminent danger." *Vandiver*, 727 F.3d 580, at 585 (quoting *Tucker v. Pentrich*, 483 F. App'x 28, 30 (6th Cir. 2012)).

Martin fails to allege facts that would establish a specific threat of death or severe bodily injury.  As a result, he cannot demonstrate that his circumstances qualify for the statutory exception

of "imminent danger" under §1915(g). As an initial matter, Martin has failed to allege any physical injury at all, let alone a "serious" injury under §1915(g). Martin's argument that he qualified for the imminent-danger exception relies entirely on his interaction with Officer Kelley. (*See, e.g.*, Pl.'s Am. Objs. at 2, ECF No. 12). Although Martin provides allegations that he was handcuffed in a forcible manner, he does not add any details or facts about injuries suffered from that incident. (*See generally id.*). Further, any such injuries would be unlikely to qualify as "serious" as that term is used in the context of § 1915(g), where ailments such as "chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness" have previously been deemed insufficient. *See Gresham*, 938 F.3d at 850.

Martin likewise fails to allege any imminent threat of future injuries. In fact, the only support this Court can divine from Martin's Amended Objections for the proposition that there is an impending risk of harm is his rhetorical question: "[c]ould it be any more obvious that the threat of violence exists?" (Pl.'s Am. Objs. at 2, ECF No. 12) (emphasis omitted)). In addition to being conclusory and speculative, *cf. Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." (citing *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008) (internal citations omitted))), Martin's assertions contemplate only past dangers. But demonstrating a threat or danger of serious injury requires a plaintiff to show that "the threat or prison condition [is] real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner*, 290 F. App'x at 797; *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) (noting that "[a]ssertions of past danger will not satisfy the 'imminent danger' exception" (citing *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007))). No such threat may be reasonably inferred from Martin's pleadings.

Plaintiff has had "three strikes" and is not in "imminent danger"; therefore, he may not proceed *in forma pauperis*.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Objections (ECF No. 12) are **OVERRULED**. This Court **ADOPTS AND AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 8).

Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**. The Court therefore **ORDERS** Plaintiff to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**; failure to timely pay the full fee within thirty days will result in dismissal of this action. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. Furthermore:

1. Plaintiff is **ORDERED** to file a Notice in all pending federal cases in which he was granted leave to proceed *in forma pauperis* status that identifies all of his previously-dismissed cases.

2. Plaintiff is **ADVISED** that the Court will dismiss *with prejudice* any future cases in which Plaintiff seeks *in forma pauperis* status without identifying previously dismissed cases in accordance with *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999); *see also Clervrain v. Lawson*, No. 1:20-cr-1306, ECF No. 5 (S.D. Ind. May 6, 2020) (denying Clervrain's *in forma pauperis* motion and dismissing the action with prejudice because Clervrain failed to disclose that he was a three-striker).

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:** January 25, 2023

6