UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOWARD E. MARTIN, III,**

    **Plaintiff,**

  v.                            **Civil Action 2:22-cv-1654**
                                  **Chief Judge Algenon L. Marbley**
                                  **Magistrate Judge Chelsey M. Vascura**

**STATE OF OHIO,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's Order of January 25, 2023. (ECF No. 20.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Plaintiff filed his Complaint on March 16, 2022, and subsequently filed a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1, 3) On April 14, 2023, the undersigned issued a Report and Recommendation, recommending that the Court deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and that Plaintiff be ordered to pay the full $402 fee required to commence this action, pursuant to 28 U.S.C. § 1915(a). (ECF No. 8.) On January 25, 2023, the Court adopted the Report and Recommendation, denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, and ordered Plaintiff to pay the full $402 filing fee required to commence this action within fourteen days. (ECF No. 20.) Plaintiff was further cautioned that "failure to timely pay the full fee within thirty days will result in dismissal of this action." (*Id.* at 6.)

Plaintiff sought reconsideration of the January 25, 2023 Order on February 6, 2023, which the Court denied on March 22, 2023. (ECF Nos. 21, 23.) Plaintiff filed an "Objection" to the Court's March 22, 2023 Order on March 31, 2023, but the Objection is not responsive to the Court's Order denying reconsideration. (ECF No. 24.)

To date, Plaintiff has failed to comply with the Court's Order of January 25, 2023. He has neither paid the filing fee nor requested an extension of time to do so. Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to comply with the Court's Order instructing him to pay the $402 filing fee. (*See* ECF No. 20.) Moreover, the Court explicitly cautioned Plaintiff that failure to comply would result in dismissal of this action. (*Id.*) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear order of the Court, which established a reasonable deadline for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed this deadline and disregarded the Court's orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                           */s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE