IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD E. MARTIN, III,** | : | |
| Plaintiff, | : | Case No. 2:22-cv-01654 |
| v. | : | Chief Judge Algenon L. Marbley |
| **STATE OF OHIO,** | : | Magistrate Judge Chelsey M. Vascura |
| Defendant. | : | |

**ORDER**

This matter is before this Court on the Magistrate Judge's Report and Recommendation (ECF No. 25), in which she recommended that the case be dismissed with prejudice for failure to prosecute. Plaintiff Howard E. Martin, III, timely objected. His objections, however, do not address the crux of the issue identified by the Magistrate Judge in recommending dismissal—that, though he has been denied leave to proceed *in forma pauperis*, he still has not paid the requisite filing fee. Accordingly, Martin's Amended Objection (ECF No. 29) is **OVERRULED** and the Report and Recommendation (ECF No. 25) is **ADOPTED**.

On January 25, 2023, this Court issued an Order denying Martin's request to proceed *in forma pauperis*. (*See* Op. & Order, ECF No. 20). Because Martin, who is currently incarcerated at the Chillicothe Correctional Institution ("CCI"), previously filed at least three lawsuits that had been dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e), he is subject to the "three strike" rule. Thus, in order to proceed *in forma pauperis* in this matter, he was required to establish that his situation posed an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He was unable to do so. This Court therefore denied him permission to proceed *in forma pauperis* and instead ordered him to pay the full $402 filing fee to commence

this lawsuit. (Op. & Order at 6, ECF No. 20). Two weeks later, Martin asked this Court for reconsideration of its decision. His motion for reconsideration was denied.

Then, after a further six weeks had passed without payment of the filing fee, the Magistrate Judge issued a Report and Recommendation, recommending that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. She observed that Martin had failed to comply with this Court's orders, even after being cautioned that failing to comply would result in dismissal of the action. (*See* R. & R. at 3, ECF No. 25).

Martin timely objected. He amended his objection a month later, though the Amended Objection (ECF No. 29) is substantially identical to the initial Objection (ECF No. 26). Construing these submissions literally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), they appear to make two points: *first*, that this Court must consider less drastic sanctions before ordering dismissal; and *second*, that this Court should reconsider its prior decision denying him leave to file *in forma pauperis* due to misconduct by Adam Joseph Beckler. Beckler is an attorney with the Ohio Attorney General's Office ("AGO"), representing the State of Ohio in this matter. Martin suggests that Beckler failed to provide him with information he had requested or conduct an investigation into issues with "The Prison Kiting System" at CCI.[1]

Neither of these arguments directly addresses the issues identified in the Magistrate Judge's Report. *See also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (noting that "a general objection . . . has the same effects as would a failure to object"). Nor do they persuade this Court that her recommendation is incorrect. She considered the range of sanctions available, and Martin has now received several warnings that his failure to comply would result in dismissal of his case. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th

---

[1] "Kite" in this context apparently refers to internal jail messages or requests. *See, e.g.*, *"Kite"*, URB. DICTIONARY, https://perma.cc/W5V6-9D5H (last accessed Aug. 17, 2023).

Cir. 1998). And as he has not paid the requisite filing fee, this case has not properly commenced yet—so Beckler is under no obligation to respond to requests for discovery.

Having considered Martin's assertions and reviewed carefully the Report, this Court **OVERRULES** Martin's Amended Objection (ECF No. 29) and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25). This case is **DISMISSED WITH PREJUDICE** for failure to prosecute under Rule 41(b). Additionally, Plaintiff's Motion for Writ of Mandamus (ECF No. 22) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: September 13, 2023**